# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHARMANE SMITH,** <br><br> Plaintiff, <br><br> v. <br><br> **INDEPENDENCE UNIVERSITY,** <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> **Case No. 2:17-cv-1074-DAK-BCW** <br><br> **District Judge Dale A. Kimball** <br><br> **Magistrate Judge Brooke C. Wells** |

This matter is referred to the undersigned from District Judge Dale A. Kimball in accordance with 28 U.S.C. § 636(b)(1)(B).[1] On September 22, 2017, the Court granted Charmane Smith's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the Court will screen Plaintiff's Complaint as required under the IFP Statute.[3] In addition, because Plaintiff is proceeding pro se in this case, the Court will construe her pleadings liberally.[4]

## LEGAL STANDARDS

Whenever the Court authorizes a party to proceed without payment of fees under the IFP Statute, it is required to "dismiss the case at any time if the court determines that . . . the action

---

[1] Docket no. 4.

[2] Docket no. 2.

[3] *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4] *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

. . . fails to state a claim on which relief may be granted."[5] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Under this standard, the Court "look[s] for plausibility in th[e] complaint."[7] More specifically, the Court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[8]

In undertaking this analysis, the Court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9] At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[10] and it "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[11] Further,

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[7] Id. at 1218 (quotations and citations omitted) (second alteration in original).

[8] Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[9] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see also, e.g., Ledbetter, 318 F.3d at 1187.

[10] Bellmon, 935 F.2d at 1110.

[11] Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[12]

With these standards in mind, the Court turns to the sufficiency of Plaintiff's Complaint under the IFP Statute.

## **DISCUSSION**

Plaintiff has styled her Complaint as an "Application for Injunction" under Rule 65(a) of the Federal Rules of Civil Procedure.[13] Plaintiff alleges that on three separate occasions, she sent an application to attend courses at Independence University ("Defendant"). After Plaintiff sent the first application, she received a phone call from Alyssa Gold, presumably a representative of Defendant, who interviewed Plaintiff. Plaintiff contends she did not receive anything after that call. Plaintiff then sent two additional applications, one on May 3, 2017, and one on June 2, 2017, but she still "received nothing" in response.[14]

Plaintiff requests that an injunction be issued compelling Defendant to (1) provide her a scholarship and/or financial aid for four courses; (2) approve her registration to take four

---

[12] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[13] Docket no. 3 at 1.

[14] *Id.* at 2.

3

courses; (3) send Plaintiff a tablet and laptop as promised in Defendant's advertisements; and (4) pay "[a]ll court costs & litigations fees & expenses."[15] Plaintiff's factual allegations are not tied to any alleged violations of law. Plaintiff's Complaint fails to reference any legal authorities (aside from Rule 65), set forth any causes of action, or identify the basis for this Court's jurisdiction. In other words, Plaintiff has failed to provide the Court with any legal basis for the relief she seeks.

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] Compliance with Rule 8 also requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[17] This information provides the opposing party with fair notice of the claims against it and allows the court to conclude, if proven, that the allegations show plaintiff is entitled to relief.[18]

---

[15] *Id.* at 3.

[16] Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (noting that a complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause of action, and the demand for relief").

[17] *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[18] *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (noting that a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

The burden is on Plaintiff to frame her "complaint with enough factual matter (taken as true) to suggest" that she is entitled to relief.[19] Plaintiff, however, has failed to articulate any basis for the relief she seeks. The mere "metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[20] As noted above, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[21] However, Plaintiff's factual allegations fail to rise above the speculative level.

Having thoroughly considered Plaintiff's Complaint, the undersigned concludes that it is unnecessary to provide Plaintiff an opportunity to amend her complaint because "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."[22] Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed.

## CONCLUSION

In summary, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

Copies of the foregoing Report and Recommendation are being sent to Plaintiff who is hereby notified of her right to object. Within fourteen (14) days of being served with a copy,

---

[19] *Twombly*, 127 S.Ct. at 1965.

[20] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[21] *Twombly*, 127 S.Ct. at 1965.

[22] *Bellmon*, 935 F.2d at 1110.

Plaintiff may file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23 April 2018.

Brooke C. Wells
United States Magistrate Judge